## Abia Chipps v. F. E. Buxton.

1. EVIDENCE—*Province of the Jury Where it is Conflicting.*—Where the evidence is conflicting it is the peculiar province of the jury to find the facts.

2. INSTRUCTIONS—*Assuming a Matter in Controversy.*—An instruction which assumes the existence or non-existence of a state of facts which is in issue is erroneous.

3. SAME—*Bad Instruction of Winner Not Cured by Good Ones for the Loser.*—Bad instructions for the winning party are not cured by good ones for the loser.

Assumpsit, on promissory notes. Appeal from the Circuit Court of Moultrie County; the Hon. WILLIAM G. COCHRAN, Judge presiding. Heard in this court at the November term, 1902. Reversed and remanded. Opinion filed April 30, 1903.

W. K. WHITFIELD and E. J. MILLER, attorneys for appellant.

HARBAUGH & THOMPSON, attorneys for appellee.

MR. JUSTICE HARKER delivered the opinion of the court.

Appellant took judgment by confession against appellee for $420.78, upon two promissory notes, executed upon the 14th of October, 1899, for $175 each, with interest at seven per cent per annum from date. Afterward, appellee filed his affidavit that the two notes were paid and secured an order of the circuit judge staying execution, and at the March term of the Circuit Court of Moultrie County, 1902, the judgment was opened up and appellee filed pleas of the general issue and payment. The case was tried by a

jury, who returned a verdict for the defendant, whereupon judgment was entered against the plaintiff (appellant) for costs.

It appears from the evidence that on October 14, 1899, appellee bought of appellant a grain dump and scales at Chipps Station, a point on the C. & E. I. R. R., for $700; $350 was paid at the time and two notes for the sum of $175 each, with seven per cent interest from date, one due in six months and the other due in twelve months, were executed and delivered by appellee to appellant. Appellee testified upon the trial that he paid $350 cash payment from money in his pocket; that on the same day, after he had delivered the notes to appellant, appellant came to him and represented that he was in need of money and wanted to borrow $350, and that appellee told him he would pay off the two notes instead of loaning the money and that upon this occasion a check, which was offered in evidence, for $350, was delivered to appellant by him. Appellant testified that the check for $350 represented the cash payment; that no money was paid him by appellee from his pocket and that no part of the two notes had ever been paid.

Appellee was corroborated to some extent by his father, by his uncle, and by one Frank Kelley. In the conflict, it was the peculiar province of the jury to, find the facts, and we should have no disposition to interfere with the jury's finding in the absence of error of the court in admitting evidence or giving instructions. It was a case, however, especially calling for accuracy of instructions.

Among the instructions given for the defendant was the following :

"Even though the jury believe from the evidence that at the time of payment by the defendant to the plaintiff of the amount due upon the notes sued on, they were not delivered by the plaintiff to the defendant for cancellation, yet, if you further believe from the evidence that the payment by the defendant was made to the plaintiff for the purpose of satisfying and paying off the amount due upon said two notes, and that the plaintiff at the time of said

payment agreed that the fact that the plaintiff retained possession of the notes would not warrant a recovery by the plaintiff in this case, and said notes under such state of facts would be fully canceled and of no effect, then your verdict should be for the defendant."

This instruction clearly assumed that the notes were paid and took from the jury the disputed question of fact as to whether they were paid. If the jury followed this instruction on the question of payment, they could do nothing else than find for the defendant. It is contended by counsel for appellee that inasmuch as other instructions were given, telling the jury that it was incumbent upon the defendant to show payment by a preponderance of the evidence, the error of this instruction was cured. It is difficult to determine in cases of this kind which instruction the jury followed. It has been repeatedly held, by the Supreme and Appellate Courts of this state, that bad instructions for the winning party are not cured by good ones for the loser. Error in assuming a fact in issue is not cured by other instructions which assume that the question in dispute is still open. The giving of this instruction was error sufficient to call for a reversal of the judgment and for that reason it is unnecessary to discuss in this opinion the contention of appellant that the showing made upon the motion for new trial was sufficient to justify the Circuit Court in setting aside the verdict.

No error was committed by the trial court in refusing to allow the wife of appellant to testify. The only ground upon which it is contended she was competent is that she was acting as the agent of her husband. The matter about which her testimony was desired occurred while appellant was present, and appellant testified to it.

For the error of the court in giving the above quoted instruction, the judgment will be reversed and the cause remanded.